Houck, J.
The parties here stand in the same relation to each other as in the court below. The errors complained of are:
First. The overruling of the demurrer to the answer of defendant.
Second. The sustaining of the demurrer to the reply filed by plaintiff to the answer of defendant.
Third. The sustaining by the court of a motion to dismiss plaintiff’s case and render judgment for defendant.
An inspection of the petition of the plaintiff in error, who was the plaintiff below, clearly shows that the basis of the action and the relief sought was an accounting between Julia A. Loney, as *257 executrix of Reuben C. Loney, deceased, and Elva Loney, as coexecutor thereof.
To us this is a new procedure, and we are unable to find any authority in law for it. The probate court is by law created for the purpose of hearing and determining all questions with reference to accounts of administrators, executors, guardians, etc.; and, in the settlement of all estates, the rights of the parties therein as to the funds belonging to the estate, and in the administration thereof, must first be determined by that court.
The issues raised in the case now before us for review upon the petition, answer, and reply clearly show that the common pleas court, and this court as well, is and are wholly without jurisdiction in the premises, because the issues raised by the pleadings must first be passed upon and finally determined in the probate court.
It therefore follows from what we have already said that we find no prejudicial error in the record, and that the judgment of the common pleas court must be affirmed.

Judgment affirmed.

Powell and Shields, JJ., concur.