## IN RE MECK.

(Decided November 4, 1935.)

*Mr. Ralph Emery,* chairman, *Mr. John W. Hackett, Mr. Howard H. Jacobson, Mr. Robert C. Dunn* and *Mr. Joel S. Rhinefort,* committee.

*Mr. Chester A. Meck, in propria persona.*

OVERMYER, J. In the hearing on proceedings in error in this court in June, 1934, of the case of *Thatcher* v. *Meck,* 49 Ohio App., 92, 195 N. E., 254, certain facts were disclosed which challenged the attention of the court as to the professional conduct of Chester A. Meck, a duly admitted attorney at law practicing in this court, and thereupon a committee of

this bar was appointed by the court to proceed in the matter in such manner as it might determine to be proper.

In due time certain specifications were prepared and filed in this court by said committee, charging said Meck with unprofessional conduct in the matter of soliciting through "touters," or paid agents, what are generally known as personal injury cases, in violation of Sections 2 and 3 of Rule XXVIII of the Supreme Court of Ohio Rules of Professional Conduct.

Upon hearing in this court, the evidence was presented in the form of a transcript of the sworn statements of the respondent given at a hearing before the committee, supplemented by the oral testimony of one witness in open court. The respondent admitted the unethical practices charged in the specifications, with perhaps one exception, and the admissions and the evidence sustain the charge that at various times clients who had been injured in accidents were obtained for respondent through solicitation, and that respondent divided the compensation received from ensuing settlements or litigation with his solicitors who secured the cases for him, and that in some instances he advanced money to his solicitors and to clients thus obtained to carry them along until the suit was terminated or settlement made, and such advancements were then deducted from their respective shares of the judgment or settlement.

It was suggested in argument that what had been done by respondent was only in keeping with what many other lawyers and law firms in Toledo and other cities of Ohio had been doing for a number of years, many of them not only thus seeking business in their respective communities, but spreading their so-called "ambulance chasing" activities throughout the state; that outside attorneys solicited business by these methods in Lucas county and that other Toledo attorneys were indulging in the same practices.

That others may be guilty of misconduct is never a justification for misconduct on the part of any one. Were it to be so accepted by the courts, the rules of society would soon lose all force and effect. It is a matter of common knowledge that the practices referred to do exist, and many bar associations are taking active steps to stamp out these and other unethical practices, and it is the sworn duty of members of the bar, unpleasant though it may be, to investigate violations of the ethics of the profession and report the same to the proper court for appropriate action, and it is likewise the duty of the court, when such violations of professional conduct are brought directly to its attention, as in the instant case, to take appropriate action.

The right to practice law is not a vested right, and if an attorney at law, as an officer of the court, is unable profitably to practice his profession within the rules of professional ethics, as contemplated in the oath of office he takes when admitted to the bar, and as prescribed by the Supreme Court of his state, he should seek some other vocation.

That there are other persons, not attorneys at law, whose activities in connection with personal injury cases are equally reprehensible and subject to criticism, we are fully aware, but with respect to their conduct the court does not have the plenary power it possesses with respect to attorneys at law. On that subject we adopt the language of Judge Carpenter of this court, found in the case of *In re Bar Association,* 29 N. P. (N. S.), 291, at page 304.

This court having jurisdiction only to hear charges of professional misconduct on the part of attorneys at law arising in the practice before this court, any judgment rendered by it upon a finding of guilty is of course limited to a reprimand, suspension or disbarment in practice before this court, which is a cogent reason for the prosecution of such offenses in the

Court of Common Pleas, a court of general jurisdiction. *In re Strong,* 27 O. C. A., 257, 29 C. D., 81.

Sections 2 and 3 of Rule XXVIII of the Rules of Practice of the Ohio Supreme Court are as follows:

2. ''An attorney at law shall not advertise or otherwise solicit professional employment. This rule shall not apply to the publication or use of ordinary professional cards or conventional listings in legal directories and newspapers.''

.3. ''An attorney at law shall not employ another to solicit or obtain or remunerate another for soliciting or obtaining professional employment for him.''

By his own admissions, the respondent, as a violator of that rule, brings himself within the judgment of the court. In passing judgment, we consider that the record discloses that respondent is a native of Crawford county, Ohio, where he practiced law some years and served two terms as prosecuting attorney, leaving that county with a clean professional record and coming to Toledo where he later became associated with the late Charles A. Thatcher, first as an employee, and later as a partner, and the firm specialized in the prosecution of personal injury cases, which had theretofore been the specialty in which Thatcher had engaged. When that partnership was dissolved, a controversy arose over a division of certain fees, and it was this controversy which finally reached this court and resulted in the decision heretofore referred to herein (*Thatcher* v. *Meck,* 49 Ohio App., 92, 195 N. E., 254), and brought to the attention of the court the facts which formed the basis of the charges herein.

In court, the respondent always conducted himself properly in his relations with the courts and opposing counsel. There is no evidence before us of any other misconduct of respondent in his office as an attorney at law.

It is the judgment of the court that the respondent is guilty of professional misconduct as charged in

specifications 1 and 2 and that he be suspended from the practice of his profession as an attorney at law in this court, to which our jurisdiction is limited, for a period of one year from the date of the journalization of the entry.

*Judgment accordingly.*

LLOYD and CARPENTER, JJ., concur.